25-1366 Nate Maniktala et al. v. Commissioner of Internal Revenue May it please the Court, Janine Campanaro for Appellants Nate and Jaya Maniktala. The question before this Court is, what happens to taxpayers in the Eighth Circuit when they receive their notice of deficiency after the 90-day time limitation in Section 6213a? If this Court finds a jurisdictional reading, the result is harsh. It's sanctioning the IRS in the tax court to treat taxpayers in the Eighth Circuit different than taxpayers in other circuits. But if this Court finds a non-jurisdictional reading, which is the correct reading, then it preserves a diligent taxpayer's right to challenge the IRS when they disagree with their decision before having to pay for the deficiency. What happened to Nate and Jaya Maniktala is not a hypothetical. They did exactly what the IRS system asks of Americans participating in our system, a voluntary system. They filed their tax return. They kept their address up to date. And when the IRS issued a notice of deficiency, they never received it. And in fact, they had an authorized representative consistently contacting the IRS, asking if that deficiency notice had been issued. The very agent who ended up being the point of contact on that notice either denied knowledge, ignored their correspondence, or fed them misinformation. And it wasn't until after that 90-day time period had expired that Nate and Jaya Maniktala actually received that notice. And because of that delay, one that was unavoidable and not the result of any action that the Maniktalas took, they lost their right to enter the doors of the tax court. There's three reasons why this court should find a non-jurisdictional reading of Section 6213A. The first is that the text of the statute supports it. The second is that precedent directs it. And the third is that justice demands it. So let's talk about my first point, the language, the Isn't it 6213A that creates jurisdiction over deficiencies in the tax court? Is there any other source of jurisdiction other than that? Our position, Your Honor, is that 6213A does not create the jurisdiction. If this court looks at actually 6214, the exact language of the statute in 6214A says the tax court shall have jurisdiction to redetermine the correct amount of the deficiency. So we say that the the jurisdiction is created by 6214. However, just for clarification, the actual jurisdiction attaches to the notice. So the tax court's jurisdiction is created by the notice of deficiency. A taxpayer cannot get into tax court without that notice. Well, I'm talking more about Congress giving the tax court jurisdiction over the deficiency matter. Correct, Your Honor. And so obviously, there's the general grant. That can't be the notice. That's not an act of Congress. Sure. So there's a general grant of jurisdiction in 7442, but then again, it's our position that it's actually 6214 that creates the jurisdiction. However, like the Culp Court and now like the Bullard Court, that is not the question that's before this court. So I don't think this court has to go as far as deciding where the jurisdiction comes from. Only whether or not that first time limitation, that the time limitation, that first sentence of section 6213, whether or not that cuts off the tax court's jurisdiction. And it clearly does not. Well, my thinking was that if 6213 is the sole act of Congress giving the tax court jurisdiction over these deficiencies, then it sounds like it's jurisdictional. That's my point. It sounds like, I'm sorry, Your Honor. That's my point. If Congress creates jurisdiction over the deficiencies in 6213A, then it seems like it is a jurisdictional provision. Sure. But you're saying there's other sources, 6214. Correct, Your Honor. 6214, I think, does create a much clearer jurisdictional statement over deficiencies for the tax court. But again, as other courts have already analyzed, even if this was a jurisdictional grant or there's an implied jurisdictional grant here in 6213, it's not enough to create a jurisdictional reading or change that 90-day time limitation into anything other than a procedural deadline. And in fact, if you look at the language of the statute, the Supreme Court requires a clear statement. And that first sentence in 6213A does not say it lacks jurisdiction. It does not say no court shall hear a case after 90 days. And in fact, it has no direction to the tax court's behavior whatsoever. Congress knows how to use decisive language when they're creating a jurisdictional bar, and they did not use that language in the first sentence containing that time limitation. There is the jurisdiction, and I'm not good at numbering the sentences here. I'll call it the second to the last sentence in that provision about having no jurisdiction to enjoin any action or order any refund. Under your reading, it is sort of an odd result, and I think that the Supreme Court has addressed something similar. But what else would the tax court be able to do? So if it's not timely, and it's filed after the 90 days, what would the tax court have jurisdiction over as to that particular filer, taxpayer? Sure. So that last sentence in section 6213A actually talks about the tax court's jurisdiction over IRS behavior, their ability to enjoin the IRS to assess or collect tax. It is silent as to the tax court's subject matter jurisdiction over deficiency, but the key word there would be timely. And as an omission should be, they could have decisively used language and instead of using timely, said instead 90 days, right? So they would lose jurisdiction unless it's filed within 90 days. Congress chose, they have to assume purposefully, not to do that. So if we look at timely, there's multiple definitions other than that time rotation. So you're saying if you, as you're asking for, with your client, equitable tolling, you would say that would be timely, and it would just, this would have no restriction on the kind of relief your client could get? That's absolutely right, Your Honor. Equitable tolling, if applied, if the tax court determined, and it should be allowed to determine whether or not it's applicable to my client's case, it automatically reverts the petition back to timely and therefore does not affect the jurisdictional grant that's found in that first sentence. Are there any other uses of the word timely that would inform your reading of that in the relevant tax codes? In the way that the courts have seen or viewed or interpreted the word timely? I don't, I can't think of one specifically off the top of my head, but if you do look at the refund statute, 6512A, it specifically says, it uses language that specifically reverts or addresses the 90-day statute, I'm sorry, the 90-day time limitation in the first sentence of 6213A, and Congress purposefully talks about that, that procedural deadline by saying it's not a bar to file a refund in federal court, and so when they're meaning to and purposefully intending to refer to that time limitation, they do in other statutes as opposed to just using the word timely, that could be interpreted in multiple ways. And the fact that they mention jurisdiction in close proximity to that timeline, the Supreme Court is already clear it's not enough to create a jurisdictional reading. Proximity is not clarity. Inference is not clarity. And only a clear statement suffices. The Supreme Court has instructed again and again, which we'll get to when I talk about my second point, that a deadline is a claims processing rule unless, and only unless, Congress includes a clear jurisdictional statement. And what the government is asking this court to do is to revive the old presumption that a time limitation is jurisdictional unless Congress says otherwise, but that presumption has been dead for over a decade. And so if we start looking at the precedent, which is the second, my second point that a non-jurisdictional reading, the precedent directs that this is a procedural deadline. To continue on the thought of proximity not being the clear statement that it requires, the Supreme Court has rejected this multiple times. If you look at their decision in Wong, the FTCA statute specifically had a deadline that appeared very near the jurisdictional grant, and the Supreme Court said that's not enough to create a jurisdictional reading. And read Elsevier. The time limitation was actually in the same section as the jurisdictional grant, and it was still determined to be a procedural deadline. But more recent Supreme Court cases instruct this court to create a non-jurisdictional reading for other reasons. And the two most recent would be the decisions in Riley and the decisions in Bockler. Riley actually discussed the statute that had very similar language in the first sentence of section 6213A, only it used language that was much harsher. And still that was considered a quintessential claims processing rule. Bockler dealt with section 6330, and actually had the jurisdictional grant and the time limitation in the same sentence, and the Supreme Court still determined that was not enough to meet the claims processing rule. I see that I'm into my rebuttal time, so. Let me ask one question. Sure. The 11th Circuit recently said their prior precedent wasn't overcome by Bockler. Do we have a similar problem or not? This Court does not have precedent that it must abide by. As the Supreme Court instructed once it started the Arbaugh lines of cases, jurisdictional findings that just merely mention jurisdiction or issue a ruling for someone. We have said it's jurisdictional, but without much analysis, is that correct? Correct, Your Honor. There's been no significant jurisdictional analysis as to this statute in any of the cases cited by my friend in his brief. So if there's no other questions, I'd like to reserve the remainder of my time for rebuttal. Very well. Thank you. May it please the Court. I'm Matthew Johnshoy, appearing on behalf of the APLEI, Commissioner of Internal Revenue. This is a case about jurisdiction. So going back to first principles, in order for the tax court to have deficiency jurisdiction, there must be both a grant of subject matter jurisdiction and a waiver of sovereign immunity. We think this Court should find that there are both, and it should determine or point to what the source of jurisdiction is, what the waiver of sovereign immunity is, and only then go on to decide whether a time limit applies to that provision of provisions. We think by not first determining what the source of jurisdiction is and then deciding whether a time limit applied to it, that sort of led to some of the error in the reasoning of recent circuit court opinions with which the government disagrees. We think 6213a is the only viable section that could grant jurisdiction. 6213a in one breath creates a cause of action, simultaneously waives sovereign immunity, and is an implied grant of subject matter jurisdiction, which is possible because there's no magic words requirement and it's authorizing judicial review. You heard Mrs. Campanaro's response to my question along those lines. I think she brought up 6214. What's your response to that? Yes, Your Honor. So I think it's a good question, Your Honor. Another way to sort of, you know, what's the textual alternative to 6213? The only other possible alternative, I think, would be 6214, but we don't think it's sufficient either. It does have some language that read in isolation could appear to be a grant of jurisdiction, but, you know, it has to be read in its own context. We think 6214a just provides additional jurisdiction. I like to think of it as an additional scoop of jurisdiction. It's more jurisdiction, but you must have already had jurisdiction to get there. So why would Congress do that? I mean, why is not just mere surplusage at that point? And if you look at, you know, 6214a, it seems like there's a, you know, a pretty clear grant of jurisdiction. Well, 6214a is granting jurisdiction. It's just not the initial grant. So you have to, I think, interpret it in context and as a whole. So if you look at its title, right, its title is just about an increase, a jurisdiction as to the increase of deficiency, additional amounts or addition to tax. And the last clause in 6214a is critical. The last clause, if claim, therefore, is asserted by the Secretary at or before the hearing, applies to all the texts before that. In fact, for many decades, that comma was an em dash. So, you know, what it's saying is 6214a is really only kicking in if claim is asserted by the Secretary. But that claim would only be asserted at a hearing or rehearing. You'd already be in the tax court. So to Judge Erickson's question, 6214a is clarifying that the tax court will still have jurisdiction even if the amount determined is greater than the amount originally asserted, but only if the Secretary has made that claim. Congress debated allowing them to have the increased jurisdiction even if the claim wasn't asserted, but they specifically limited that increase to where the claim is. So it's important to say 6214a is jurisdictional. It's just not the initial grant. Okay. What about the Beckler argument that has precedent that that guides us in a way that we should be very, at least, careful about what's a claim processing rule? Yeah, I agree, Your Honor. I think, you know, Beckler obviously is a tough case for us, but I don't think it's exactly on point. The textual link for jurisdiction here is a bit different. In Beckler, everything they were talking about was in the same sentence, but it had an offsetting parenthetical, and that offsetting parenthetical became very critical. And within that parenthetical was some vague language, right, about what, you know, you should have jurisdiction over such matter, but what does such matter refer to outside of the parenthetical in 6330? Well, I was nine to nothing on the wrong end of that when it all was sitting down with the Supreme Court, you know, because I thought that that, well, it doesn't matter what I thought. Yes, Your Honor, and that result very much surprised us. But I think critically, the parenthetical played a role there, and here in 6213a, there's no parenthetical and there's no similar vague modifier. The Supreme Court got very hung up on the such matter and what does such matter apply to. And I think here, 6213a, we're talking about a time limit in the very same sentence, not nearby, not in another subsection, the very same sentence. Was there a separate grant of jurisdiction for the subsection at issue in Beckler? Is that? That, no. That grant was in the parenthetical at the end of that same sentence. It's the same sentence. So Beckler has a sentence, but then it breaks off with this parenthetical, and the tax court shall have jurisdiction to determine such matter. And the court said, okay, well, you know, we're already talking about a grant that's offset in a finding some ambiguity there. But we don't have that here. So I do think this Court has to be aware of Beckler. I do think Beckler was a tough case for us, but we don't have exactly the same text here. We also have very different history. This test isn't just about text. I think we have a lot about the text that supports us. It's also about context and relevant historical treatment, and the context here is very different. So you think – so is that your strongest argument? Because I think, I mean, you're basically saying, yeah, the Commissioner has a good argument. It's decent, but you need better than that when you've got a clear statement rule. So what puts the Commissioner above that here? It's hard to point to one thing, right? A brick is not a wall, but we've got a lot of bricks, and I think we've got enough to show that it's clear. I think it could have been more clear if they, you know, threw in the word jurisdiction, it would have been more clear. But I still think this Court should find that it's sufficiently clear. So one of the other things that I think we should point to is that it's very clear that there are other prerequisites for tax court jurisdiction. Those are in the case law, including the Supreme Court case law, right? The Commissioner must make a determination, the determination must be mailed, and the taxpayer must file a petition. Well, all of those things are sort of being invoked by 6213A, which is why they always point to 6213A in reciting those prerequisites. But the other thing that's in 6213A that the lower courts have always pointed to is the time limit, right? Between the mailing and the petition, there's a 90-day time limit for people within the U.S. And so, you know, we think that also indicates here that if you have three other prerequisites in the same sentence, the fourth prerequisite is also jurisdictional. I think that's different than Beckler. Beckler also has some different context, right? Beckler is not at the heart of this giant tax machinery in the same way that 6213A is. And Beckler also doesn't implicate refund jurisdiction. You know, there is no refund jurisdiction under 6330 or the collection due process regime. So 6213A has just higher stakes. It implicates a lot more things, and I think that really changes the context. Implicates the return of money from the government to the taxpayer? Yes, amongst other things, yes. But it's also, you know, this starting gun for assessment and collection and everything that comes with it, right? The all-important tax lien and the priority that that lien can be collected at is determined by the date of assessment. And the date of assessment keys off, right, when, you know, that 90 days. As soon as that petition, you know, isn't filed within 90 days, we can't assess. And I think if it's not a fixed jurisdictional deadline, as it's always been understood, some things start to go a little helter-skelter. What do we do about tax liens? The Third Circuit in Culp just sort of said casually, oh, well, the lien will still apply. But where does that come from? You know, the statute doesn't say that necessarily. It sounds good, but it doesn't necessarily fit with the framework. 6215A says that you must assess what the tax court decides. So what do we do when we already have an assessment pre-tax court, and then the tax court decides something? Do we make a new assessment? What if that, you know, is conflicting in amounts? What if it's the same amount? Does that restart the lien priority? We're just not sure how that would work. So there's basically a domino effect. Yes, a huge domino effect. And a bit unpredictable, because 6213 is so core. It's so at the start. And, you know, we're talking about a statute that's existed for 100 years that was what created the tax court. Do you think that if it were, though, non-jurisdictional, would some of the concerns that you raised about the domino effect be alleviated by an equitable tolling that was kind of strict? I mean, equitable tolling traditionally in the law is pretty hard to overcome. Perhaps I think the plaintiffs here believe they've got a good claim for it. Maybe that won't be the common experience. Do you think that would be a backstop? I think it would only be a partial backstop, because it wouldn't answer some of these legal hypotheticals of how this thing that, you know, always was built on and assumes strict 90-day deadlines and then, you know, this train proceeds on, how that's going to conflict with the other mechanisms. So, yes, it would help a bit. And we obviously argue that, you know, the presumption for equitable tolling should be rebutted. So how do you get to raising these issues that are not equitable tolling issues? I'm trying to figure out with this 90-day claims processing rule, if you're not on the equitable estoppel, what is the other theory that one could advance that would somehow get you past the 90 days, even if it's not jurisdictional? Because doesn't there have to be some common law-based theory that would toll the statute of limitation? Because it's still limiting. Maybe it claims processing rule, but it's still limiting in some sense, right? Well, I just can't see the world. I mean, your slippery slope is very scary to me. But I'm wondering how you get to it, you know? I mean, it seems to me like the only way onto that slope is to go through equitable tolling. And that's going to ameliorate most of the concerns, isn't it? I don't think it is going to ameliorate most of the concerns. But also, you know, we're concerned about context. So let me back up and point out that I agree with the Court's intuition that very few people are going to get equitable tolling and it's a very high bar. But what about the other taxpayers, right? 7459d means that when there's a dismissal of the tax court and it's non-jurisdictional, it becomes a decision on the merits. Now, my friend in the amicus tried to say, oh, well, that will be alleviated by 6512a and its references to timely filing. But I think they falsely suggest that 6512a is about res judicata. It's not. It buttresses res judicata, but it's different. It's about cutting off successive refund suits, but refund suits aren't the only thing that matters. So I think this hypo is illustrative. Imagine you have a taxpayer who doesn't pay their taxes, gets a notice of deficiency, ignores it, and carries on. Eventually, the government is going to sue, right? We're going to seek a money judgment. We might even seek to enforce a tax lien. At that time, had they filed an untimely tax court petition and it was denied, you know, then they will be locked into the decision and that will be res judicata. But the root of that isn't 6512a. It's 7481, 7482. It's the fact that the tax court is a court and it issues final decisions. Also, this court, right, hears appeals out of the tax court and issues final judgments, as does the Supreme Court. So these decisions are final. And I think the problem with the equitable tolling is it might help some people. Maybe it helps 1 out of 10 if they can get to equitable tolling. It doesn't help the 9 out of 10 I think it's going to harm. And it doesn't tell us what to do in some of the difficult side circumstances. So, for instance, let's say we're talking about an untimely petition. If they come in and don't get equitable tolling, is the government nevertheless forced to assert additional claims in that proceeding? Once you say the tax court has deficiency jurisdiction, aren't we sort of up against the Supreme Court's decision in Sunnan that says every tax year is its own cause of action and we'll decide the whole tax year? So now you're getting a tax court decision, so do we have to bring additional claims? What about refund jurisdiction? Once they're in the tax court on an untimely petition, the refund jurisdiction is like a cart that normally comes with the horse. The only time limit protecting that is the 90 days. So we just don't know how these things are going to work, but it seems like a real mess. And I think, you know, in Culp the court assumed these problems of race judicata and decisions under 7459 hurting taxpayers would only come up in the rare case that they later paid in sue for a refund. I don't think that's true. They're going to come up in many cases where the government proceeds to collection, and they're going to catch taxpayers who perhaps would have filed bankruptcy and instead find out, oh, no, now I can't challenge my tax liability in bankruptcy anymore because I accidentally already got a decision on the merits out of the tax court. So the system assumes that there's this hard deadline. And I think, you know, if you say that deadline's not jurisdictional, it's not a hard deadline, and then you say, okay, well, equitable tolling will be allowed, that sounds good, but I think there's an awful lot of people that are going to get sort of pinched in the middle, and I think the Commissioner's going to get pinched in the middle, and that's why the whole structure was sort of built on a 90-day deadline. It doesn't believe there would be middle ground. And going back to your point, Judge Kelly, the second-to-last sentence, I think the fourth sentence of 6213A does support our textual argument. I think it adds strength to it. I think they said that in Beckler, and they said it wasn't sufficient, but we hope that everything else here helps us get across the line. So do you disagree with opposing counsel's view of the word timely then and what the word timely is doing there? I think she was saying, well, if it's non-jurisdictional and you get equitable tolling, it will be timely. Is that true? Is that the Commissioner's view? I think I understand what her point is. I think our reading would be that they didn't believe there was such a thing as the tax court taking any jurisdiction over an untimely petition. So they weren't creating a weird gap in injunctive jurisdiction. They just weren't giving it a power it didn't need. And let me point out, they were adding that in 1988, right? They added the fifth sentence in 1998, again, assuming that because it was jurisdictional, they needed to grant that relief. So the functional language in the first sentence of Section 6213A was established in 1926, right? And over all of these major reenactments of the tax code in 39, 54, 86, they never touched that language. And when they specifically amended 6213A, they incorporated that. So I think the tax court is kind of correct to look at the prior canon jurisdiction and understand that Congress's intent was that that deadline be jurisdictional. I see that I'm out of time. One quick question. Yeah. Has the Commissioner sought cert in either the Second, Third, or Sixth Circuit cases? The Commissioner sought cert in the Third Circuit case. Cert was denied. The Commissioner has sought rehearing panel and on bonk in the Sixth Circuit. That was denied. And then the time for cert has not yet run after that. Panel rehearing in the Second Circuit was denied. But seemingly sua sponte, at the same time that panel rehearing in the Second Circuit was denied, the opinion was amended to address one of the Commissioner's concerns. Rehearing on bonk remains the Petitioner remains pending for on bonk, and the Commissioner has the opportunity to amend it in the Second Circuit. So cert hasn't been sought yet in the Second, Sixth. I don't know if it will be. And it was denied in the Third Circuit. Thank you. Yeah, thank you. Your Honor, just to briefly address some of the arguments that my friend made, I think he said that a brick does not make a wall, and he's right, except all of these bricks have already been thrown at the Supreme Court in all three circuits, sister circuits, and they didn't make a wall in those cases either. They were not enough to create a non-jurisdictional reading. So all of these arguments that this Court is hearing today have already been made, and they were rejected by the Supreme Court in Butler. They were rejected by the Third Circuit in Culp. They were rejected by the Second Circuit in Buller, and they were rejected by the Sixth Circuit in Arquendo. Nothing that they're arguing today is any different than what they put forth in front of those courts, and they were not enough to confer a jurisdictional reading. My friend brought up sovereign immunity, and I think that that has also been thoroughly addressed, particularly by the Supreme Court in Wong, which refers to Irwin, which specifically says equitable tolling has no effect and can be applied to cases that deal with sovereign immunity. I think there's a misconception here that if this is a non-jurisdictional reading, that government is trying to create this perception that there's a free-for-all. The 90-day limitation is still a procedural mechanism. It still maintains order. It is still a limitation that most taxpayers will have to abide by. Making it non-jurisdictional or making it procedural doesn't eliminate that 90-day requirement. It simply allows the tax court to be its gatekeeper, its own gatekeeper of whether or not equity would require or could confirm taxpayers, such like the Manitoulos, where their prohibition from tax court was the result not of their lack of diligence, but IRS misconduct. It allows the taxpayer to analyze those facts and determine whether or not equity would allow them and should allow them to hear their case. That's all that's happening. The rhetoric that my friend brings up, that it's going to create this huge mess of the tax court system, is false. And we know it's false because Calt has made it non-jurisdictional. And that happened two years ago. And all of the hypotheticals that he's bringing up have not happened. Have not happened. What will happen if this is a jurisdictional reading is that taxpayers who did everything that we asked them to will be barred from challenging an IRS decision that they disagree with without first having to pay for it. Nothing in Section 6213A supports that Congress intended an unforgiving result. There is no clear statement closing the courthouse door to taxpayers who never had a fair chance to walk through it. The law does not demand that taxpayers be perfect, only that they be diligent, and the Manitoulos were. In a system already daunting to ordinary people, this court has the opportunity to give them exactly what Congress meant for them to have. And that is a day in court on the merits, on equal footing with the government that seeks to collect from them. The statute supports that this court trust the tax court to assess whether circumstances warrant equitable tolling. And in fact, the tax court has already made this assessment. And it has more than demonstrated that it should be allowed to be its own gatekeeper. It knows the doctrine well, and as Judge Kelly pointed out, it's not often granted. What about, you know, I heard you say, and I might have misheard you, that there may be other equitable claims beyond equitable tolling, which sort of addresses what I asked your opponent earlier. And I'm looking at it saying I don't really see what else there could be. I mean, I suppose you could make some kind of argument that there could be an unjust enrichment claim brought against the IRS or something, right? But it doesn't seem to me that any such thing has ever existed at law, right? I mean, and so do you really think there's any other potential claim other than an equitable tolling claim that could be advanced under your interpretation of how the ordinary claim processing rule would be applied as opposed to the jurisdictional limit? Your Honor, I see that I'm out of time. If I may just quickly address your question.  Okay. So I'm hoping I'm understanding your question, Judge Erickson, but in the context of 6213A, the equitable analysis that the tax court would do would be equitable tolling. That would be the equitable relief that somebody would be asking for. If there's a jurisdictional reading, the tax court is not allowed to make that equitable determination. If there's a non-jurisdictional reading, all that happens is the tax court can make an equitable assessment. And that was my understanding of your argument originally was that it is really just the equitable tolling piece, right? That there's not other claims in equity. But then when you came back on rebuttal, I thought I heard you say they could present claims in equity. And I'm going, well, claims in equity is a little broader and a little more. I apologize. I misspoke. That's correct. It would only be whether or not equitable tolling would apply. Okay. If there's no other questions, then we ask that this case be reversed and remanded back to tax court so they can determine whether or not my clients would get equitable tolling. Thank you. The court appreciates the argument of both counsel. The argument was helpful. You may be excused, and the court will be in recess for a few minutes.